**Robert J. McKINNON**

v.

**Jim GARRISON, Individually and as District Attorney for the Parish of Orleans, State of Louisiana.**

Civ. A. No. 73-1619.

United States District Court,
E. D. Louisiana.

Nov. 26, 1973.

Guy Johnson, New Orleans, La., for plaintiff.

Frank Klein, Exec. Asst. Dist. Atty., New Orleans, La., for defendant.

CHRISTENBERRY, District Judge.

In this suit the complainant Robert J. McKinnon alleges that the defendant Jim Garrison, his assistants and legal representatives, under his authority as District Attorney for the Parish of Orleans, Louisiana, have sought to and are seeking to deprive complainant of rights, privileges and immunities secured to him by the Constitution of the United States, including particularly, his rights under the due process and equal protection clause of the Fourteenth Amendment thereto. Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1343(3), (4) and Title 42 U.S.C. §§ 1983 and 1985, as well as the Constitution of the United States.

Plaintiff contends that he has suffered irreparable harm and will continue to suffer such harm due to the misuse by the defendant Jim Garrison of the power of his office; that he has no adequate remedy at law and can obtain relief only through the granting of injunctive relief by this Court pursuant to its equity powers.

A hearing, at which testimony was taken, was had on July 12, 1973, on a rule to show cause why a preliminary injunction should not issue and also on the defendant's motion to dismiss. The following are the facts as established by the pleadings and the evidence: On June 1, 1972, the District Attorney's Office for the Parish of Orleans filed an information against Robert J. McKinnon charging him with the theft of the sum of $81,171.00 belonging to Bob McKinnon Chevrolet, Inc. This information bears Docket No. 228,062. Bob McKinnon Chevrolet, Inc. is owned one-third each by the Plaintiff Robert J. McKinnon, one George A. Gear and one Herbert L. Polk. Robert J. McKinnon was President. In due course McKinnon's counsel filed preliminary motions in the case. On the date of the scheduled hearing on the motions, according to a judgment entered on 11/3/72 by Honorable Charles R. Ward, Judge of the Criminal District Court, the District Attorney (1) requested additional time in which to answer the motion for a bill of particulars; (2) made no reply to the motion to dismiss, and (3) failed to comply with the court's order to produce documents specifically ordered produced. The Judge stated in the judgment:

"Regardless of the validity of any opposition the State may have had as to the production of these documents, it is a fact that this Court had ordered them produced on a specific date, and they were not, in fact, produced.

This Court will disregard this obvious contempt and consider that the nonproduction of the records requested on the date aforesaid was in fact a mo-

tion to quash a subpoena duces tecum. And, this Court refuses to quash the subpoena duces tecum, or to revoke its order demanding the production of these documents."

The Court then entered an order which reads as follows:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED, that under the penalty of contempt that the State of Louisiana, Bob McKinnon, Incorporated, or their agents and attorneys, within five (5) days of the service of this order, return to the custody of the Clerk of the Criminal District Court for the parish of Orleans, the following described records:" (Listing them)

This order the District Attorney failed to obey. At the hearing it was shown that at that time and at the time Judge Ward's order was entered, some of the records were in the possession of the private attorneys of Bob McKinnon Chevrolet, Inc., Gear and Polk. These attorneys did not testify at the hearing.

On November 17, 1972, Judge Ward, before whom the case was pending, quashed the information. At the hearing in this Court Judge Ward explained that his action was not based on the failure of the District Attorney's office to honor the subpoena duces tecum but "because the bill of particulars which was answered by the State directly conflicted with the bill of information filed by the State. The bill of particulars incorporates what is alleged in the bill of information and it was impossible in this case for both to be correct. For this reason I quashed it." Immediately after the information was quashed the District Attorney's office entered a nolle prosequi thereby attempting to nolle prosequi a case in which the information had already been quashed. LSA–C.Cr.P., article 693 allows the district attorney to renew prosecution after he has previously dismissed the indictment. Specifically, a *nolle prosequi* filed by the district attorney of an information does not bar a subsequent indictment and further pros-

ecution for the same offense. As to whether this can be done after the court quashes it is a question for the state court to decide and we need not concern ourselves with it here. The State, as was pointed out by Judge Ward, had the opportunity to apply to the Louisiana Supreme Court for writs and ask for a review of his judgment. In fact the Assistant District Attorney informed Judge Ward that he would do this but it was not done.

Instead, on November 27, 1972, the District Attorney's office filed a new information entitled State of Louisiana v. Robert J. McKinnon, which bears docket No. 231,547. This information charges the theft of $72,949.51 from Bob McKinnon Chevrolet, Inc. This case was allotted to Section J of the Criminal District Court of the Parish of Orleans. Counsel for McKinnon objected to the allotment to Section J contending that under the rules of the court the allotment should have followed that of the first information. The District Attorney's office opposed the objection but the judge of Section J sustained the objection and transferred the case to Section A, Judge Ward's section.

At the hearing defense counsel offered to furnish the court for examination in camera the entire police report. Subsequently, the police reports, cancelled checks and other records were produced for the Court's examination. These records include those which had been in possession of the private attorneys.

The Court has read the police reports in the McKinnon case, in cases involving certain employees of Bob McKinnon Chevrolet, Inc., and has examined the documents. Without any intention of conveying any idea as to what this Court's views may be with respect to Mr. McKinnon's innocence or guilt, it appears that the criminal charge against him may have had its genesis in the investigations of other employees.

The police officers appear to have made an extensive investigation and there is no reason to believe that they acted other than in good faith.

This is not a case of "special circumstances" envisioned by Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669. The evidence discloses that on the contrary the case was instituted in good faith and not for the purpose of harassment. The police department instituted the investigation in a good faith effort to enforce state laws and the prosecution is a good faith one.

The plaintiff is not entitled to the relief he seeks and his suit is accordingly dismissed.